IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:08-CR-30114-NJR |
| | ) |
| BRADLEY VANCE GAMMON, | ) |
| | ) |
|     Defendant. | ) |

### ORDER

**ROSENSTENGEL, District Judge:**

Assistant Federal Public Defender Thomas Gabel filed his Entry of Appearance in the present case to investigate the possibility of a sentence reduction under Amendment 782 for Defendant Bradley Gammon (Doc. 43). Shortly thereafter, Mr. Gabel filed his Motion to Withdraw claiming Defendant Gammon is ineligible for a reduction of sentence under Amendment 782 as he was sentenced as a career offender (Doc. 44). Defendant Gammon was given an opportunity to respond to Mr. Gabel's Motion to Withdraw (Doc. 46.), but did not do so.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL, § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL §

1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. Importantly, Amendment 782 does not lower the guideline range for career offenders because their offense level and guideline range are based on § 4B1.1(b), not § 2D1.1(c). *See, e.g., United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.")

Because Defendant Gammon was sentenced as a career offender, his offense level and guideline range were based on § 4B1.1(b), and not § 2D1.1(c). As a result, his guideline range does not change under Amendment 782, and a sentence reduction under § 3582(c)(2) is not authorized.

Accordingly, Mr. Gabel's Motion to Withdraw (Doc. 44) is **GRANTED.**

**IT IS SO ORDERED.**

**DATED: May 20, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
